IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS ATWATER, | : | |
| | : | |
| Plaintiff, | : | 1:14-cv-1120 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| OFFICER SHAFFER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

June 26, 2014

Plaintiff, Lewis Atwater, an inmate currently confined at the State Correctional Institution Albion, ("SCI-Albion"), in Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The named defendant is Officer Shaffer, a police officer at the York County Police Department. (*Id.*). Plaintiff alleges that he was illegally arrested and detained by Defendant Shaffer. (Doc. 1, p. 2). Plaintiff also filed a motion to proceed *in forma pauperis* and a prisoner authorization. (Docs. 2, 6).

Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"), this Court reviewed the complaint. *See* Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915A(a). For the following reasons, the motion to proceed *in forma pauperis* will be granted for the sole purpose of filing

the complaint, and the complaint will be dismissed.

## I. STANDARD OF REVIEW - SCREENING

The PLRA authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915 if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e); *Kennedy v. S.C.I. Rockview Emples.*, 2010 U.S. Dist. LEXIS 123545, *4 (M.D. Pa. 2010) (Caputo, J.). Moreover, § 1915A requires the court to screen any complaint brought by a prisoner who seeks relief from a government employee to determine whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. § 1915A(a).

The grounds for dismissal under § 1915A are similar to the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." 28 U.S.C. § 1915A; FED. R. CIV. P. 12(b)(6)). The court must accept as true all allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff; however, the court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902,

906 (3d Cir. 1997); *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). The factual allegations must be enough to raise a right to relief above the speculative level and, a court need not assume that a plaintiff can prove facts not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a court need not "accept legal conclusions set forth as factual allegations"); *Tindell v. Beard*, 351 Fed. Appx. 591, 593-94 (3d Cir. 2009). Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a). FED. R. CIV. P. 8(a) (requiring a "short and plain" statement of a cause of action). This Court also recognizes that *pro se* complaints are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985).

**II.   DISCUSSION**

Plaintiff's entire statement of claim alleges that Defendant Shaffer "initiate[d] a[n] arrest that was illegal in its inception", and he "was illegally detained without probable cause." (Doc. 1, p. 2). For relief, Plaintiff seeks monetary damages and an "immediate pardon" for actions allegedly taken by

Defendant Shaffer with respect to the arrest and detention that led to his criminal conviction. (Doc. 1, p. 3).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. "[T]he complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

As stated, Plaintiff seeks compensatory damages for his illegal arrest and detention, and a pardon of his criminal conviction. (Doc. 1). A decision in this case that Plaintiff is entitled to damages due to an illegal arrest and detention would imply that Plaintiff is being improperly incarcerated. This would ultimately question the validity of his criminal conviction. Thus, Plaintiff cannot proceed with this § 1983 action for damages until he has established that he is being improperly held and his conviction has been reversed on direct appeal or called

into question by the issuance of a writ of habeas corpus.  However, there is no indication that there has been a prior adjudication pertaining to the alleged unlawful arrest and detention or that a petition for writ of habeas corpus challenging his conviction has been filed or resolved in Plaintiff's favor.

The instant complaint lacks information identifying the underlying criminal case.  *See* (Doc. 1).  However, after review of the York County Court of Common Pleas docket, Plaintiff is presumably challenging his conviction and sentence in *Commonwealth v. Atwater*, wherein Plaintiff was arrested by Officer Matthew Schaeffer on April 9, 2009.  *See Commonwealth v. Atwater*, Docket No. CP-67-CR-0002779-2009 (York Cty. Ct. Com. Pl. filed May 8, 2009).  The Common Pleas Court docket reveals that Plaintiff did not appeal the conviction and sentence in that criminal action.  *Id.*  Thus, under *Heck*, Plaintiff cannot maintain a cause of action for unlawful conviction until the basis for that conviction is rendered invalid by way of a petition for writ of habeas corpus.[1]  Therefore, Plaintiff's claims in this civil rights action will be dismissed.

---

[1] To the extent that Plaintiff seeks to challenge the validity of his conviction, it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  His claims may properly be raised in a petition for writ of habeas corpus, if he so chooses.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (stating that inmates should use habeas corpus when they seek to invalidate the duration of confinement directly or indirectly).  However, this Court expresses no opinion as to the ultimate success of any petition Plaintiff may file.

## III. CONCLUSION

Based on the foregoing, service of process is unwarranted and would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. *See Roman v. Jeffes*, 904 F.2d 192, 195 n.3 (3d Cir. 1990). Plaintiff's complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Further, amendment would not allow Plaintiff to state a claim upon which relief may be granted, therefore granting leave to amend would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

A separate Order follows.